IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Vetrica Navigation Co., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 21-mc-255 |
| vs. § | |
| § | |
| Shebah Exploration & Production Company Ltd. § | |
| § | |
| Salvic Petroleum Resources Ltd., § | |
| § | |
| Defendants. § | |

**VETRICA'S RESPONSE TO CLAIMANTS' MOTION TO QUASH
LEVY/GARNISHMENT AND RELEASE
<u>PROPERTY FROM LEVY/GARNISHMENT</u>**

This Court now should deny the Orjiakos' motion.

First, Maryland Rule 2-643 (e) does not apply. The Rule is for a situation where property is already under levy by a previous writ seeking money from the judgment debtor, and a third person claims the property. *See Cutting Edge Techs., Inc. v. Nosyuiaido*, No. WDQ-01-2855, 2011 WL 5118446, at *2 (D. Md. Oct. 26, 2011)(Grimm, J.); *Noor v. Centreville Bank*, 193 Md. App. 160, 164, 996 A.2d 928, 931 (2010).

Vetrica's levy is an original writ. Vetrica's claim is that the property – house and land at 11645 Log Jump Trail, Ellicott City, MD 21042 ("Log Jump Property") worth at least $730,000 when Dr. Ambrosie Bryant Chukwueloka Orjiako bought it in 1999 (SDAT Real Property Record, **<u>Exhibit A hereto</u>**), actually belongs to judgment debtor/ defendants Shebah and Salvic.

Dr. Orjiako and his wife, Henrietta I.C. Orjiako, deny this in their motion to quash, but, that simple denial (not supported by affidavit) is not a matter to be raised under Rule 2-643. Their unsworn motion is not a dispositive motion (including under Rule 2-501, summary judgment, which requires a supporting affidavit). Instead, the matter must proceed on the merits,

after discovery, with proof that the defendants, and not the Orjiakos, are the Log Jump Property owners.

Fundamentally, if the Shebah and Salvic are not the Log Jump Property owners, then the levy is void from the beginning. But, the evidence should confirm this, after discovery.

This Court in *Schwartz v. Rent-A-Wreck of Am.*, 397 F. Supp. 3d 778, 782–83 (D. Md. 2018), *aff'd sub nom. Schwartz v. J.J.F. Mgmt. Servs., Inc.*, 922 F.3d 558 (4th Cir. 2019)(Messitte, J.) set out the standards for a proceeding under Rule 2-643(e). Even though, again, the Orjiakos' motion is not properly a Rule 2-643(e) motion, the standards that now apply should be analogous:

> When a Third Party in a garnishment proceeding such as JJFMS makes a claim of prior right to a garnished asset, the burden of persuasion rests upon it to establish its claim to the garnished property, pursuant to Maryland Rule 2-643(e). *See Guyer v. Snyder*, 133 Md. 19, 104, 104 A. 116 (1918); *see also Sornberger v. Chesapeake & Ohio Ry. Co.*, 81 Md. App. 14, 26, 566 A.2d 503 (1989).
>
> Statutory guidance and case law provide limited guidance as to how a Third Party claim should proceed on a Rule 2-643(e) motion. *See Barry Properties, Inc. v. Blanton & McCleary*, 71 Md. App. 280, 291, 525 A.2d 248 (1987) ("Neither Maryland Rule 2–643 nor 2–626 explicitly addresses the question of the court in which the motion is to be filed or the procedure to be followed once the motion has been filed."). However, the Maryland Court of Appeals has recognized the discretion of a trial judge to deny a motion by a third party claimant to or assignee of property in the context of a writ of *fieri facias*, based on a finding that the third party's claim of ownership was not bona fide. *See Drury v. Pashen*, 227 Md. 181, 187–88, 175 A.2d 771 (1961) (upholding judge's denial of third party motion claiming ownership of levied cows, based in part on the judge's disbelief that the third party's claim of ownership was bona fide); *Fetterhoff v. Sheridan*, 94 Md. 445, 51 A. 123 (1902) ("There can be no doubt that in this state the bona fides of the assignment of a debt can be inquired into under an attachment laid in the hands of a debtor as garnishee."). Since writs of *fieri facias* are functionally similar to garnishment claims, it is reasonable to conclude that similar principles apply to garnishments. *Nw. Nat. Ins. Co. v. William G. Wetherall, Inc.*, 267 Md. 378, 384, 298 A.2d 1 (1972) ("An attachment by way of garnishment issued after judgment is a mode of execution and its function is approximately the same as that of a writ of *fieri facias*.").
>
> Case law from other States confirms that a third party's garnishment claim may be denied if it is based on a lack of good faith, even absent a finding of fraud. California, for example, expressly incorporates a good faith requirement into claims of prior right filed by third parties claiming a prior right to property. *Sea Foods Co. v. O.M. Foods Co.*, 150 Cal. App. 4th 769, 783, 58 Cal.Rptr.3d 700, (2007), *as modified* (May 23, 2007) ("The

third party claiming an interest in the property or denying the debt has the burden of proving, by a preponderance of the evidence, that the claim is made in good faith."). Other state courts have allowed trial courts to make determinations of fraud or bad faith in third party garnishment cases, even without an explicit statutory ability to do so. *See Holston Int'l Inc. v. Coulthard*, 241 Va. 219, 224, 401 S.E.2d 865 (1991); *see also First Nat. Bank of Omaha v. First Cadco Corp.*, 189 Neb. 734, 741, 205 N.W.2d 115 (1973).

What it all comes down to, of course, is that the Third Party must establish the validity of its claim. Bad faith usually indicates that, at bottom, the Third Party's claim lacks validity. JJFMS therefore must demonstrate its bona fide entitlement to the garnished accounts that has priority over Schwartz's claim. *See Drury*, 227 at 187–88, 175 A.2d 771. By a wide stretch. JJFMS has failed to meet this burden.

In its application for the writ, Vetrica has alleged as follows:

1. On March 15, 2021, the United States District Court of the District of Delaware issued Final Judgment in favor of Vetrica in the amount of $4,306,763.85, plus interest at 8% per annum on the UK judgment sum of $4,259.071.27 from December 13, 2019 (date of the UK judgment) to the date of payment.

2. On April 19, 2021, a certified copy of the Final Judgment was registered in the United States District Court of the District of Maryland, case no. 1:21-mc-00255.

3. Garnishee Henrietta I. C. Orjiako is the Executive Director of Judgment Debtor Salvic Petroleum Resources Ltd. ("Salvic").

4. In his deposition, Ambrosie Bryant Chukwueloka Orjiako said that his family is a major shareholder (70%-80%) in Salvic, having funded it with $10 million, and was paying obligations of Salvic.

5. In her deposition, Mrs. Orjiako stated that the $1.3 million paid to Afreximbank on behalf of Shebah was from her personal account at Citibank.

6. In 1999, the Orjiakos purchased a house at 11645 Log Jump Trail, Ellicott City, Maryland 21042, which Dr. Orjiako called their holiday home. The Deed was in both names, as Tenants by the Entirety.

7. In January 2020, in exchange for the $1.3 million payment made on Shebah's behalf, Dr. Orjiako filed a Quit Claim Deed transferring the house in Ellicott City to Mrs. Orjiako as sole owner.

8. As of this date, no portion of the final judgment against Shebah Exploration & Production Company Ltd. and Salvic Petroleum Resources Ltd. has been satisfied therefore, the amount due as of June 28, 2021 is $4,855,341.45.

9. Vetrica is entitled to the issuance of a Post-Judgment Writ of Execution against Mrs. Orjiako on the grounds set forth herein.

Vetrica files herewith the deposition transcripts of Dr. (**Exhibit B hereto**) and Mrs. Orjiako (**Exhibit C hereto**) which confirm the facts set out above.  Fundamentally, (a) the Orjiakos paid the defendants/ judgment debtors' company debts; (b) they are owners and officers of the defendants/ judgment debtors; (c) they received payments from defendants/ judgment debtors.

It appears that either, or both, that the defendants/ judgment debtors are alter egos of the Orjiakos, and that the funds from the judgment debtors paid for Log Jump Property without consideration.

The burden of persuasion for the Orjiakos is, that the Long Jump Property is theirs, not the defendant/judgment debtors'.

Vetrica now will proceed to further discovery, to confirm that the Log Jump Property properly belongs to judgment debtors/ defendants Shebah and Salvic.  This Court now should deny the motion pending that further discovery.

Dated:  September 2, 2021.

                                          Respectfully Submitted,

                                         /s/ J. Stephen Simms
J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle, Ste. 230
Baltimore, Maryland 21030
Telephone:   (410) 783-5795
Facsimile:     (410) 510-1789
jssimms@simmsshowers.com

Counsel for Vetrica Navigation Co.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021 I caused the foregoing to be filed on this Court's CM/ECF record for service on all record counsel.

/s/ J. Stephen Simms