IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VETRICA NAVIGATION CO.  \*

v.                                                           Civil Action No.   CCB-21-mc-255

\*

SHEBAH EXPLORATION & PRODUCTION
COMPANY LTD, et al.  \*

\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

This matter involves registration of a foreign judgment and attempts by the plaintiff Vetrica Navigation Co., which holds the judgment, to levy on Maryland property which it believes to be that of the judgment debtors Shebah Exploration & Production Company Ltd. ("Shebah") and Salvic Petroleum Resources Ltd. ("Salvic"). Henrietta Orjiako, claiming to be the sole owner of the real property at issue, has filed a motion to quash the levy/garnishment (ECF 14). Vetrica has responded, asserting with some support in deposition testimony that Ms. Orjiako, and/or her husband Dr. Ambrosie Orjiako, appear to be alter egos of Shebah and Salvic; that their motion to quash is not supported by affidavit; and that further discovery is needed.

To that end, Vetrica served a subpoena on Michael P. Coyle, the attorney who prepared the quitclaim deed transferring ownership of the property from Dr. Orjiako to Mrs. Orjiako only. Mr. Coyle has filed a motion to quash (ECF 16), broadly asserting attorney-client privilege and that the judgment debtors have no interest in the real property.  He did not address the alter ego theory.  Vetrica has responded.

It appears to the court that additional discovery is warranted to determine the relationship of the Orjiakos to the judgment debtors and whether Vetrica will be able to succeed on an alter ego theory.  *See generally Schwartz v. Rent-A-Wreck of Am.*, 397 F. Supp. 3d 778 (D. Md. 2018);

*Cutting Edge Tech., Inc. v. Nosyuiaido*, No. WDQ-01-2855, 2011 WL 5118446 (D. Md. Oct. 26, 2011).

Accordingly, it is hereby ORDERED that:

1. The motion to quash the levy/garnishment (ECF 14) is Denied without prejudice;

2. The motion to quash the subpoena (ECF 16) is Denied, without prejudice to Mr. Coyle producing a privilege log for any documents he believes should be protected by attorney-client privilege or the work-product protection; and

3. Counsel shall provide a status report to the court by March 4, 2022, on the progress of discovery and what schedule should be set for any motions needed to resolve this dispute.

If a conference call would be helpful at any point, counsel may contact my chambers.

 12/17/21  
 Date

/S/  
Catherine C. Blake  
United States District Judge

2